UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHANIE GILMORE, as Executor
for Estate for Darryl A. Gilmore, Sr.,

      Plaintiff,

v.

RENSSELAER COUNTY MEDICAL
EXAMINER, Sarah Holler; DR. DENNIS
CHUTTE, Medical Examiner; and
MATTHEW HOFF, District Attorney,

      Defendants.
_____

1:22-CV-0292
(BKS/ML)

APPEARANCES:

STEPHANIE GILMORE
 Plaintiff, *Pro Se*
1305 Mooreland Court
Raleigh, North Carolina 27603

OF COUNSEL:

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before the Court is a Complaint filed by *pro se* plaintiff Stephanie Gilmore as Executor for Estate for Darryl A. Gilmore Sr. ("Plaintiff") together with an application to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2.)  For the reasons set forth below, Plaintiff's IFP application is denied and I recommend that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice.

I.  **BACKGROUND**

On March 28, 2022, Plaintiff commenced this action by filing a form complaint against Defendants Rensselaer County Medical Examiner Sarah Holler, Dr. Dennis Chutte Medical Examiner, and Matthew Hoff District Attorney (collectively "Defendants"). (Dkt. No. 1.)

The Complaint alleges that this Court has jurisdiction over Plaintiff's claims based on a federal question. (Dkt. No. 1 at 3.) More specifically, Plaintiff alleges that the federal statute, treaty, and/or provision of the United States Constitution that is at issue in this case is "medical malpractice." (*Id*.) Plaintiff alleges that Defendants removed Plaintiff's husband's organs during an autopsy after Plaintiff "verbally expressed [that] all organs [and] tissues must remain with deceased due to religious practices."[1] (*Id*. at 4.)

Based on these factual allegations, Plaintiff appears to assert one claim of medical malpractice. (*See generally* Dkt. No. 1.) As relief, Plaintiff seeks $5,000,000.00 in damages. (*Id*.)

II.  **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1).[2] Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed

---

[1]  Although it is not clear from the Complaint, it is presumed by the Court that Plaintiff's late husband was Darryl A. Gilmore, Sr.

[2]  The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing

IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

Only natural persons may proceed IFP under 28 U.S.C. § 1915. *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). Because an estate is not a natural person, it may not proceed IFP. *See Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009); *In re Estate of Van Putten*, 553 F. App'x 328 (3d Cir. 2009) (per curiam); *Davis v. Yale New Haven Hosp.*, 16-CV-1578, 2017 WL 6459499, at *2 (D. Conn. Dec. 11, 2017).

As a result, Plaintiff's IFP application is denied.[3]

### III.   LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of its *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, 28 U.S.C. § 1915 requires that the court dismiss

---

financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]   Plaintiff filed an IFP application on behalf of the Estate of Darryl A. Gilmore, Sr. (the "Estate"), but it appears that Stephanie Gilmore documented her personal financial resources, rather than those of the Estate. (Dkt. No. 2.) Even if the IFP application was construed as on behalf of Stephanie Gilmore as an individual, the Court would likely deny it. The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). Plaintiff's IFP application states that Stephanie Gilmore's weekly gross pay or wages are $960.00, and her take-home pay or wages are $800.00. (Dkt. No. 2 at ¶ 2.) This income equates to approximately $49,920.00 in annual income before taxes and $41,600.00 in income after taxes. The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2022, the poverty threshold for a household of four is $27,750.00. *See* United States Dep't of Health & Human Servs., https://aspe.hhs.gov/poverty-guidelines (last visited June 1, 2022).

the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his/her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)). Federal courts are mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation. *ACCD Global Agric., Inc.*, 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir.

2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL 2124365 (D. Conn. May 6, 2015).

    A.    **Federal Question**

The existence of a federal question is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. 28 U.S.C. § 1331. A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

Plaintiff alleges that the Court has jurisdiction over this matter because it presents a federal question pursuant to 28 U.S.C. § 1331, and cites "medical malpractice" as the basis for that jurisdiction. (Dkt. No. 1 at 3.)

However, a medical malpractice claim is a state law claim that "is neither created by federal law nor necessarily depends on the resolution of a substantial question of federal law."

*Obunugafor v. Borchert*, 01-CV-3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001); *see Fleming v. Laakso*, 18-CV-1527, 2019 WL 959521, at *5 (S.D.N.Y. Feb. 5, 2019) (finding that the plaintiff failed to raise a federal question by asserting a medical malpractice claim); *Antonetti v. City of New York*, 13-CV-0771, 2014 WL 4161968, at *4 (E.D.N.Y. Aug. 19, 2014) (dismissing case pursuant to Rule 12(b)(1) where, "[a]t best, plaintiff's complaint raises . . . a medical malpractice claim against" the defendant, because "[t]he Court lacks jurisdiction over these state law claims."). As a result, I find that Plaintiff has failed to allege facts plausibly suggesting that the Court has subject matter jurisdiction based on a federal question.

      **B.**      **Diversity**

The Court notes that Plaintiff alleged only a federal question as the basis for federal jurisdiction, and the case could be dismissed for that reason alone since it is inapplicable. The Court must keep in mind, however, that when a plaintiff proceeds *pro se*, the pleadings must be construed with great liberality. *McDermott*, 2011 WL 4834257, at *3 (citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008)). As such, I have considered other bases for federal jurisdiction and find that there none are applicable.

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir.2009). "'[C]itizens of different States' means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant." *Hallingby*, 574 F.3d at 56.

Plaintiff alleges that Stephanie Gilmore is a citizen of North Carolina. (Dkt. No. 1 at 1.) However, "a representative of the [decedent]'s estate is deemed for diversity purposes to have the citizenship possessed by the decedent." *Johnson v. Smithsonian Inst.*, 4 F. App'x 69, 70 (2d

Cir. 2001). Plaintiff fails to allege facts plausibly suggesting the citizenship of Darryl Gilmore Sr. at the time of his death. Thus, the Court is unable to determine whether diversity jurisdiction exists on the face of the Complaint.

As a result, after carefully reviewing Plaintiff's Complaint, I find that there is no basis for jurisdiction and recommend that it be dismissed without prejudice.[4]

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

---

[4]   The Court also notes that the Complaint fails to allege facts that plausibly suggest Stephanie Gilmore's standing to bring this action. A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity. *See Rowland*, 506 U.S. at 202-03 (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). An executor of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the executor. *Pridgen*, 113 F.3 at 393. "Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings.'" *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (quoting *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998)). Therefore, only an "administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." *Guest*, 603 F.3d at 21. The Complaint appears to allege that Stephanie Gilmore is the Executor of the Estate, but it does not assert facts plausibly suggesting that Stephanie Gilmore is the sole beneficiary of the Estate and that the Estate has no creditors. As a result, Plaintiff has failed to allege facts plausibly suggesting "standing to assert claims on behalf of her husband's estate." *Noel v. Am. Airlines*, 22-CV-1696, 2022 WL 1294396, at *4 (S.D.N.Y. Apr. 29, 2022).

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail itself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which it relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

---

[5]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD**[6] Plaintiff's Complaint (Dkt. No. 1) against Defendants for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[7]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[8] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013);

---

[6] If the Court (a) rejects this recommendation and accepts Plaintiff's Complaint for filing, or (b) adopts this recommendation in its entirety, such that Plaintiff is permitted leave to amend the Complaint, and if Plaintiff wishes to proceed with this action, it must pay the $402.00 filing fee within thirty (30) days from the date of the filing of Court's Decision and Order. Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[7] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[8] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated:  June  3 , 2022
       Binghamton, New York

                                            Miroslav Lovric
                                            U.S. Magistrate Judge