UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEPHANIE GILMORE, as Executor
For Estate for Darryl A. Gilmore, Sr.,

                                                 1:22-cv-292 (BKS/ML)

                      Plaintiff,

v.

RENSSELAER COUNTY
MEDICAL EXAMINER, et al.,

                      Defendants.
_____

**Appearances:**

*For Plaintiff:*
Stephanie Gilmore
Raleigh, NC 27603

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

       Plaintiff pro se Stephanie Gilmore, as executor for the estate of Darryl A. Gilmore, Sr., brought this action, together with a motion for leave to proceed in forma pauperis (IFP), against Rensselaer County Medical Examiners Sarah Holler and Dr. Dennis Chutte and District Attorney Mathew Hoff. (Dkt. Nos. 1, 2). Plaintiff alleges that Defendants removed her husband's organs during an autopsy after Plaintiff "verbally expressed all organs and tissues must remain with deceased due to religious practices." (Dkt. No. 1, at 4). Plaintiff also alleges "medical malpractice" without any elaboration. (*Id.* at 3). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on June 3, 2022, issued an Order and Report-Recommendation. (Dkt. No. 5). Magistrate Judge Lovric denied Plaintiff's request to proceed IFP because only natural persons may proceed IFP, and an estate is not a natural person. (Dkt.

No. 5, at 3). The Report-Recommendation concluded that the complaint should be dismissed, without prejudice and with leave to replead, for lack of subject matter jurisdiction because Plaintiff failed to allege facts plausibly suggesting that there is a federal question and failed to allege the citizenship of the decedent, Darryl Gilmore Sr., at the time of his death to enable the Court to determine whether it has diversity jurisdiction. (*Id.* at 6-8). Magistrate Judge Lovric further noted that the Plaintiff failed to allege standing to assert claims on behalf of the estate because she did not assert facts "plausibly suggesting that Stephanie Gilmore is the sole beneficiary of the estate and that the estate has no creditors." (*Id.* at 8 n.4). Magistrate Judge Lovric advised Plaintiff that, under 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 5, at 10-11). No objections have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

As Magistrate Judge Lovric ruled, only a natural person may proceed in form pauperis under 28 U.S.C. § 1915, and an estate is not a natural person. *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). Thus if Plaintiff wishes to pursue this action, Plaintiff must pay the filing fee. Also, as Magistrate Judge Lovric determined, an executor of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the executor. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). And, without standing, the Court lacks subject matter jurisdiction to adjudicate this action and the action must be dismissed. *See Gross v. TransUnion,*

*LLC*, No. 21-cv-1329, 2022 WL 2116669 at *1, 2022 U.S. Dist. LEXIS 105117, at *2 (E.D.N.Y. June 13, 2022). Thus, to proceed in this action Plaintiff must plausibly allege that Stephanie Gilmore is the sole beneficiary of the estate and that the estate has no creditors. *Guest*, 603 F.3d at 21. To the extent Plaintiff does pay the filing fee the Court will give Plaintiff an opportunity to amend the complaint to allege facts establishing standing.

The Court notes that if Plaintiff has standing, Plaintiff may be able to allege a cause of action under 42 U.S.C. § 1983, for a violation of the First Amendment Free Exercise Clause, in light of the allegation that county medical examiners removed organs and tissues from the decedent after Plaintiff "verbally expressed" that "all organs and tissues "must remain with deceased due to religious practices." (Dkt. No. 1, at 4). To establish such a claim Plaintiff must allege facts showing: (1) a sincerely held religious belief; (2) that was substantially burdened[1]; (3) without a compelling governmental interest justifying the burden. *See Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 279 (N.D.N.Y. 2018); *Skoros v. City of New York*, 437 F.3d 1, 39 (2d Cir. 2006) ("Absent . . . an objective" "to impugn [plaintiffs'] religious beliefs or to restrict their religious practices," "a Free Exercise claim will be sustained only if the government has placed a substantial burden on the observation of a central religious belief, without a compelling governmental interest justif[ying] the burden.") (internal quotation marks and citation omitted). Plaintiff must also allege facts establishing each defendant's personal involvement, that is facts showing "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Thus, to state a free exercise claim Plaintiff must

---

[1] The Second Circuit has assumed, without deciding, that the substantial burden test applies, and the Court does as well. *See Brandon v. Kinter*, 938 F.3d 21, 32 n.7 (2d Cir. 2019).

identify the religion and the nature of the religious beliefs and how each defendant was aware of and violated these religious beliefs. *See Van Wade v. St. Paul Blvd. Fire Dist.*, No. 21-cv-6218, 2022 WL 486911, at *4, 2022 U.S. Dist. LEXIS 28995, at *10 (W.D.N.Y. Feb. 17, 2022).

Having reviewed the remainder of the Report-Recommendation for clear error, and finding none, the Court adopts the remainder of the Report-Recommendation.[2]

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 5) is **ADOPTED** in part, as set forth above; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice** and with leave to replead; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action and file an amended complaint, Plaintiff must pay the $402.00 filing fee **within thirty (30)** days from the date of this Decision and Order. Failure to pay the filing fee will result in the dismissal of this action; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint **within thirty (30) days** of the date of this Order to set forth facts plausibly alleging that she has standing to bring this action and facts plausibly alleging a basis for this Court's subject matter jurisdiction. Any amended complaint must be a complete pleading which will replace the current complaint in total. If Plaintiff files an amended complaint within thirty (30) days of the date of this Order, the amended complaint shall be referred to Magistrate Judge Lovric for review; and it is further

---

[2] As Magistrate Judge Lovric determined, the Court cannot determine whether it has subject matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332(a), without an allegation regarding the citizenship of Darryl Gilmore Sr. at the time of his death. (Dkt. No. 5, at 7-8).

4

**ORDERED**, that if plaintiff fails to file an amended complaint within 30 days of the date of this order, the Clerk of the Court will close this case without further order of the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 20, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge